

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

GROVER DANIELS
ATTORNEY GENERAL

Hon. Fred V. Meridith
Criminal District Attorney
Kaufman, Texas

Opinion No. O-6889
R.: A part of the salary
paid the County Judge's steno-
grapher cannot be paid out of
Kaufman County's Road and
Bridge Fund.

No provision of law to author-
ize an official court reporter
in criminal cases in the County
Court of Kaufman County.

Dear Sir:

We acknowledge receipt of your request for opinion, together with copy of Commissioners' Court Order dated the 10th day of September, 1945, and a copy of an amended Order of the Commissioners' Court dated the 15th day of October, 1945. Said request in part provides as follows:

"The Commissioners' Court has authorized the County Judge to employ a stenographer, and originally the order was drawn authorizing the salary of such stenographer to be $137.50 monthly, payable one-half out of the Road and Bridge Fund and one-half out of the General Fund. Subsequently, the order of the Court was amended, providing for the employment of such stenographer in the County Judge's office, who would also act as part time clerical helper in the County Auditor's office, and that her salary of $137.50 shall be paid one-half out of the General Fund and charged to the County Judge's office, and one-half out of the Road and Bridge Fund and charged to the Auditor's office.

"....

".... Kaufman County has a population according to last Federal Census of 38,308, and an assessed valuation of $14,378,359.00.

"....

"My question, therefore, is can the Commissioners' Court authorize the payment of one-half of the County Judge's and Auditor's stenographer and helper out of the Road and Bridge General Fund of Kaufman County, which fund is composed of fines collected in the county for violations of the criminal law?

"Does the fact that such an employee has an occasional duty to write letters for the delinquent tax collector, to write up orders of the Commissioners' Court, and may occasionally be called upon to do work as Court Reporter in the County Court (for which last named duty she would be paid by litigants) change the case so as to permit such method of payment?

"This raises a related question that I have in mind: Is there any authority for creation of the office of Court Reporter in Kaufman County for the County Court, our population being 38,308?

"And more specifically, does the defendant have a right to demand a court reporter in the trial of a criminal case in the County Court?

"Yes

"But what about a criminal case? If the defendant demands a court reporter and there is no competent person present or immediately available, what should the Court do in such case? Is failure to appoint a court reporter and ordering the trial to proceed any error?"

Subsection (a), Section 13, Article 3912e, Revised Civil Statutes, provides:

"The Commissioners' Court may authorize the employment of a stenographer by the county judge and pay for such services out of the General Fund of the county to an amount not to exceed Fifteen Hundred Dollars ($1500) per year."

The foregoing statute empowers the Commissioners' Court to authorize the county judge to employ a stenographer at a salary not to exceed $1500.00 per year, payable out of the General Fund of the county. It does not provide that such a stenographer shall also serve as a stenographer for the county auditor and delinquent tax collector, or any other county official or person. Therefore, your first and second questions are answered in the negative.

The law is well-settled that the County Judge has no legal authority to appoint a court reporter for the County Court in criminal cases. In support of this proposition we call your attention to this department's Opinion No. O-6227, a copy of which is attached hereto. However, it is not our intention to say that a defendant in a criminal case in the County Court cannot have the service of a court reporter provided he pays for such service.

Hon. Fred V. Meridith, page 3

        In answer to your third, fourth and fifth questions, you are advised that it is the opinion of this department that there is no legal authority for the creation of the office of court reporter in Kaufman County for the County Court If the defendant in a criminal case in the County Court of Kaufman County demands a court reporter and the Court fails to appoint same and orders the trial to proceed such is not error.

Yours very truly,

APPROVED NOV 3, 1945
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY
GENERAL

ATTORNEY GENERAL OF TEXAS

By /s/ Jesse Owens

Jesse Owens, Assistant

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

JO:LJ:wb

encl.